# Exhibit 32

*Kapitel 20. Domstolsprøvelse*

betydning i erstatningsretlig henseende. Højesteret udtalte, at uanset at manden havde fået en tidsbegrænset humanitær opholdstilladelse, var der ikke grundlag for at fastslå, at han savnede retlig interesse i at få prøvet lovligheden af ministeriets afgørelser.

I U 2004.3051 H havde en bygherre opfordret rådgivere til at anmode om prækvalifikation i forbindelse med udbud af rådgivning vedrørende en tilbygning. Praktiserende Arkitekters Råd, PAR, indbragte sagen for Klagenævnet for Udbud med påstand om, at bygherren på 6 punkter havde handlet i strid med udbudsreglerne. Klagenævnet gav PAR medhold vedrørende 2 af punkterne, mens bygherren fik medhold vedrørende de resterende 4. Derefter anlagde PAR sag ved landsretten vedrørende de 4 punkter. Under domstolsprøvelsen kom det frem, at bygherren endeligt havde opgivet det byggeprojekt, som sagen vedrørte, og udbetalt tilbudsvederlag til alle de deltagende firmaer. En afgørelse af PARs påstande ville derfor ikke have betydning for bygherrens, de deltagende firmaers eller PARs retsstilling. Der forelå desuden ikke oplysninger om, at en afgørelse ville have betydning for andre. PAR havde herefter ikke længere fornøden interesse i en prøvelse af, om bygherren havde handlet i strid med udbudsreglerne. Hverken hensynet til effektiv kontrol med forvaltningen eller PARs klageadgang i medfør af udbudsreglerne kunne føre til et andet resultat. Søgsmålet blev herefter afvist.

Kravene til tvistens fortsatte aktualitet synes større, hvis modparten ikke er forvaltningsmyndigheden, men en privat part, uanset om sagen indirekte rejser spørgsmål om berettigelsen af en myndigheds dispositioner, jf. U 2008.1897 H og U 2009.1758 H. Det samme er tilfældet, hvis prøvelsen ikke angår, om en bestemt persons rettigheder er blevet krænket, idet søgsmålet har karakter af abstrakt normkontrol med en forening som sagsøger.

I U 1987.923 H påstod Foreningen af Arbejdsledere i Danmark Direktoratet for Arbejdsløshedsforsikringen tilpligtet at anerkende, at et af direktoratet udstedt cirkulære var i strid med lov om arbejdsformidling og arbejdsløshedsforsikring. Højesteret fandt, at foreningen havde en aktuel, saglig interesse i at få afklaret, om cirkulæret var lovstridigt, og at de nødvendige oplysninger til afgørelse af dette spørgsmål kunne tilvejebringes under retssagen. Alligevel blev søgsmålet afvist, da cirkulæret efter sagens anlæg var blevet ophævet, og foreningen herefter ikke længere havde fornøden interesse i en prøvelse af spørgsmålet om lovmedholdeligheden af cirkulæret.

2.4.7.   *Særligt om myndigheder som sagsøgere*
2.4.7.1.   *Mod en anden forvaltningsmyndighed*
En offentlig myndighed kan være adressat for en forvaltningsafgørelse på samme måde som et privat organ eller i øvrigt have en væsentlig, konkret og aktuel interesse i sagens udfald på samme måde som private retssubjekter. I sådanne tilfælde vil den offentlige myndighed kunne anlægge søgsmål mod andre offentlige organer, herunder for at få prøvet disse andre myndigheders afgørelser, jf. U 1977.651 H, U 1996.1183/2 H, U 1997.1693 H, U 1998.1344 H og U 2007.464 H. På samme måde som bl.a. organisationer kan

902

Denne bog er omfattet af lov om ophavsret og må ikke videregives – herunder udlånes, sælges eller kopieres – i digital form.
Indholdet må alene anvendes af licenstager i henhold til de til enhver tid gældende licensbetingelser.
© Jurist- og Økonomforbundets Forlag

*2. Processuelle spørgsmål i bred forstand*

offentlige myndigheder endvidere gennem at være tillagt klageret i den administrative rekurs få søgsmålsret ved domstolene, jf. U 2003.64 H og U 2004.904 V.

Underordnede myndigheder er normalt ikke berettigede til at klage over overordnede myndigheders afgørelser til højere administrative myndigheder, jf. kapitel 2, afsnit 4.4.7. På tilsvarende måde er udgangspunktet, at en underordnet myndighed ikke har søgsmålsret i forhold til rekursinstansen i den situation, hvor den underordnede myndighed har truffet en afgørelse, der efterfølgende er blevet omgjort af rekursorganet, jf. U 1997.1304 Ø, U 1998.672 Ø, U 2002.1472 H og U 2004.1513 H. Dette vil dog kunne være tilfældet, hvis den underordnede myndighed – f.eks. en kommune – har en økonomisk, planlægningsmæssig eller anden relevant interesse i sagens udfald, jf. U 2007.1074 H og U 2007.1078/1 H. Domstolene påser ikke ex officio, om der i sådanne sager foreligger søgsmålskompetence.

Efter fast praksis anses kommunalbestyrelser at have søgsmålskompetence i forhold til de kommunale tilsynsmyndigheders afgørelser efter kommunestyrelseslovens tilsynsbestemmelser, jf. f.eks. U 1981.637 H, U 1990.601 H, U 1992.699 H og U 2006.3200/2 H og se herom nærmere kapitel 19, hvor der i afsnittene 9.3.7, 10.2.1.4 og 10.2.2.4 også redegøres for, at de kommunale tilsynsmyndigheder ved lov er tillagt kompetence til at anlægge anerkendelsessøgsmål til håndhævelse af deres udtalelser.

Spørgsmål om en myndigheds søgsmålskompetence kan også opstå i tilfælde, hvor et ressortministerium er uenigt i afgørelser truffet at et uafhængigt ankenævn. På den ene side vil sådanne afgørelser – bl.a. på grund af deres praksisskabende virkning – efter omstændighederne kunne have betydelige økonomiske og praktiske virkninger for ministeriet. På den anden side er formålet med at henlægge afgørelseskompetencen til et uafhængigt nævn ofte, at ministeren ikke skal have beføjelser over for nævnets konkrete afgørelser, men alene kunne styre nævnet gennem (forslag til) ny lovgivning og udstedelse af generelle administrative forskrifter.

I U 2009.58 Ø havde Beskæftigelsesministeriet ikke retlig interesse i at anlægge sag mod Arbejdsmarkedets Ankenævn for at få en konkret afgørelse om ret til at få udbetalt feriepenge under efterløn underkendt som ugyldig. Sml. skatteforvaltningslovens § 49, hvorefter Skatteministeriet kan indbringe de skatteretlige ankenævns afgørelser for domstolene.

Spørgsmål, der direkte har interesse for private, bliver i visse tilfælde afgjort under retssager, der føres mellem offentlige myndigheder, jf. f.eks. U 1981.637 H, U 1995.952 Ø, U 1996.583 Ø og U 2000.2088 V og se afsnit 2.5.2 nedenfor om de problemer, som den manglende inddragelse af vedkommende private kan give anledning til.

Denne bog er omfattet af lov om ophavsret og må ikke videregives – herunder udlånes, sælges eller kopieres – i digital form.
Indholdet må alene anvendes af licenstager i henhold til de til enhver tid gældende licensbetingelser.
© Jurist- og Økonomforbundets Forlag

*Chapter 20. Judicial Review*                                                               *2. Procedural issues*
*in a broad sense*

*2.4.7.   Particular case of authorities as plaintiffs*
*2.4.7.1.  Against another administrative authority*
A public authority can be an addressee for an administrative decision in the same way as a private body or also have an essential, concrete and current interest in the case's outcome in the same manner as private legal entities.  In such cases, the public authority could bring an action against other public bodies, including having these other authorities' decisions examined, cf. U 1977.651 H, U 1996.1183/2 H, U 1997.1693 H, U 1998.1344 H and U 2007.464 H.  As with organizations etc., public authorities may have a right of bringing action in the courts by their being conferred the right of complaint in the administrative appeal, cf. U 2003.64 H and U 2004.904 V.

Subordinate authorities are normally not entitled to file complaints to higher administrative authorities about decisions of superior authorities, cf. Ch. 2, section 4.4.7.  Correspondingly, the point of reference is that a subordinate authority does not have the right of action in relation to the appeal body in that situation where the subordinate authority has encountered a decision, that subsequently is reversed by the appeal body, cf. U 1997.1304 Ø, U 1998.672 Ø, U 2002.1472 H and U 2004.1513 H.  This could be the case if the subordinate authority – for example, a municipality – has an economic, planning or other relevant interest in the outcome of the case, cf. U 2007.1074 H and U 2007.1078/1 H.  The courts do not take care ex officio that there is jurisdiction in such cases.

   According to established practice, municipal councils are considered to have jurisdiction regarding the decisions of the municipal supervisory authorities according to the supervisory provisions of municipal council law, for example, cf. U 1981.637 H, U 1990.601 H, U 1992.699 H and U 2006.3200/2 H and, more closely thereof, Chapter 19, where it is also accounted for in sections 9.3.7, 10.2.1.4 and 10.2.2.4 that the municipal supervisory authorities are granted jurisdiction by law to bring an action for recognition of enforcement of their pronouncements.

   Questions about an authority's jurisdiction may also arise in cases where a line ministry is found to be in disagreement with decisions of an independent board of appeal.  On one hand, such decisions – because of their precedent-setting effect, etc. – may have significant economic and practical effects for the ministry.  On the other hand, the object of transferring jurisdiction to an independent board is often so that the minister will not have authority over the board's concrete decisions, but can alone direct the board (propose) through new legislation and issuance of general administrative regulations.

In U 2009.58 Ø the Ministry of Employment did not have a legal interest in taking action against the Labor Market Appeals Board to get a concrete decision concerning the right to have unpaid vacation set aside as invalid upon early retirement.  Collected Tax Law § 49, according to which the Ministry of Taxation may present the decisions of the tax law board of appeal to the courts.

Questions, which are of interest directly to private parties, are decided in certain cases by lawsuits that are carried out between public authorities, for example, cf. U 1981.637 H, U 1995.952 Ø, U 1996.583 Ø and U 2000.2088 V and see section 2.5.2 below about those problems which the lack of involvement of interested parties can give rise to.

This book is covered by copyright law and may not be disseminated – including rented, sold or copied – in digital form
The content may be used only by licensees according to conditions valid at any time.
© Jurist- og Økonomforbundets Forlag



100 Park Avenue, 16th Fl
New York, NY 10017
www.consortra.com

STATE of NEW YORK )
) ss:
COUNTY of NEW YORK )

### CERTIFICATE OF ACCURACY

This is to certify that the attached document, "Forvaltningsret" (Administrative law) by Niels Fenger on page 902-903 under the heading "Særligt om myndigheder som sagsøger""- originally written in Danish, -- is, to the best of our knowledge and belief, a true, accurate, and complete translation into English.

Dated: 4/14/2022

_____
Heather Cameron
Projects Manager
Consortra Translations

Sworn to and signed before ME
This 14th day of April, 2022

_____
Notary Public

JAMES G MAMERA
Notary Public - State of New York
No. 01MA6157195
Qualified in New York County
My Commission Expires Dec. 4, 2022

Your legal translation partner

New York, NY  |  Washington DC  |  Houston, TX  |  San Francisco, CA  |  Hong Kong