# Exhibit 40

PROTOCOL
AMENDING THE CONVENTION BETWEEN
THE GOVERNMENT OF THE UNITED STATES OF AMERICA
AND THE GOVERNMENT OF THE KINGDOM OF DENMARK
FOR THE AVOIDANCE OF DOUBLE TAXATION
AND THE PREVENTION OF FISCAL EVASION
WITH RESPECT TO TAXES ON INCOME

The Government of the United States of America and the Government of the Kingdom of Denmark, desiring to amend the Convention Between the Government of the United States of America and the Government of the Kingdom of Denmark for the Avoidance of Double Taxation and the Prevention of Fiscal Evasion with respect to Taxes on Income, signed at Washington on August 19, 1999 (hereinafter referred to as "the Convention"),

Have agreed as follows:

ARTICLE I

Paragraph 4 of Article 1 (General Scope) of the Convention is omitted and the following paragraph is substituted:

"4.    Except to the extent provided in paragraph 5, this Convention shall not affect the taxation by a Contracting State of its residents (as determined under Article 4 (Residence)) and its citizens.  Notwithstanding the other provisions of this Convention, a former citizen or long-term resident of a Contracting State may, for the period of ten years following the loss of such status, be taxed in accordance with the laws of that Contracting State."

ARTICLE II

1.    Article 10 (Dividends) of the Convention shall be omitted and the following shall be substituted:

"ARTICLE 10

Dividends

1.    Dividends paid by a resident of a Contracting State to a resident of the other Contracting State may be taxed in that other State.

2.    However, such dividends may also be taxed in the Contracting State of which the company paying the dividends is a resident, and according to the laws of that State, but if the beneficial owner of the dividends is a resident of the other Contracting State, the tax so charged shall not exceed:

a)    5 percent of the gross amount of the dividends if the beneficial owner is a company which holds directly at least 10 percent of the share capital of the company paying the dividends;

b)    15 percent of the gross amount of the dividends in all other cases.

This paragraph shall not affect the taxation of the company in respect of the profits out of which the dividends are paid.

       3.      Notwithstanding the provisions of paragraph 2, such dividends shall not be taxed in the Contracting State of which the company paying the dividends is a resident if the beneficial owner is:

       a)      a company that is a resident of the other Contracting State that has owned, directly or indirectly through one or more residents of either Contracting State, shares representing 80 percent or more of the voting power in the company paying the dividends for a 12-month period ending on the date on which entitlement to the dividends is determined and:

          (i)      satisfies the conditions of clause (i),(ii) or (iii) of subparagraph c) of paragraph 2 of Article 22 (Limitation of Benefits);

          (ii)      satisfies the conditions of clauses (i) and (ii) of subparagraph f) of paragraph 2 of Article 22, provided that the company satisfies the conditions described in paragraph 4 of that Article with respect to the dividends;

          (iii)     is entitled to benefits with respect to the dividends under paragraph 3 of Article 22; or

          (iv)     has received a determination pursuant to paragraph 7 of Article 22 with respect to this paragraph; or

       b)      a qualified governmental entity that is a resident of the other Contracting State and that does not control the payor of the dividend; or

       c)      a pension fund, which is described in subparagraph e) of paragraph 2 of Article 22 (Limitation of Benefits), that is a resident of the other Contracting State, provided that such dividends are not derived from the carrying on of a business by the pension fund or through an associated enterprise.

    4. a)      Subparagraph a) of paragraph 2 and subparagraph a) of paragraph 3 shall not apply in the case of dividends paid by a U.S. Regulated Investment Company (RIC) or a U.S. Real Estate Investment Trust (REIT).  In the case of

dividends paid by a RIC, subparagraph b) of paragraph 2 and subparagraphs b) and c) of paragraph 3 shall apply. In the case of dividends paid by a REIT, subparagraph b) of paragraph 2 and subparagraphs b) and c) of paragraph 3 shall apply only if:

> (i)      the beneficial owner of the dividends is an individual or pension fund, in either case holding an interest of not more than 10 percent in the REIT;

> (ii)     the dividends are paid with respect to a class of stock that is publicly traded and the beneficial owner of the dividends is a person holding an interest of not more than 5 percent of any class of the REIT's stock; or

> (iii)    the beneficial owner of the dividends is a person holding an interest of not more than 10 percent in the REIT and the REIT is "diversified."

The rules of this paragraph shall also apply to dividends paid by companies resident in Denmark that are similar to the United States companies referred to in this paragraph. Whether companies that are residents of Denmark are similar to the United States companies referred to in this paragraph will be determined by mutual agreement of the competent authorities.

> b)      For purposes of this paragraph, a REIT shall be diversified if the value of no single interest in real property exceeds 10 percent of its total interests in real property. For the purposes of this rule, foreclosure property shall not be considered an interest in real property. Where a REIT holds an interest in a partnership, it shall be treated as owning directly a proportion of the partnership's interests in real property corresponding to its interest in the partnership.

> 5.      The term "dividends" as used in this Article means income from shares or other rights, not being debt-claims, participating in profits, as well as

4

income that is subject to the same taxation treatment as income from shares by the laws of the State of which the payor is a resident.

6.    The provisions of paragraphs 2 and 3 shall not apply if the beneficial owner of the dividends, being a resident of a Contracting State, carries on business in the other Contracting State, of which the company paying the dividends is a resident, through a permanent establishment situated therein, or performs in that other State independent personal services from a fixed base situated therein, and the dividends are attributable to such permanent establishment or fixed base.  In such case, the provisions of Article 7 (Business Profits) or Article 14 (Independent Personal Services), as the case may be, shall apply.

7.    A Contracting State may not impose any tax on dividends paid by a company which is not a resident of that State, except insofar as the dividends are paid to a resident of that Contracting State or the dividends are attributable to a permanent establishment or a fixed base situated in that State, nor may it impose tax on a corporation's undistributed profits, except as provided in paragraph 8, even if the dividends paid or the undistributed profits consist wholly or partly of profits or income arising in that State.

8.    A company that is a resident of a Contracting State and that has a permanent establishment in the other Contracting State, or that is subject to tax in that other Contracting State on a net basis on its income that may be taxed in that other State under Article 6 (Income from Real Property) or under paragraph 1 of Article 13 (Capital Gains) may be subject in that other Contracting State to a tax in addition to the tax allowable under the other provisions of this Convention. Such tax, however, may be imposed on only the portion of the business profits of the corporation attributable to the permanent establishment, and the portion of the income referred to in the preceding sentence that is subject to tax under Article 6 (Income from Real Property) or under paragraph 1 of Article 13 (Capital Gains) that, in the case of the United States, represents the dividend equivalent amount of such profits or income

5

and, in the case of Denmark, is an amount that is analogous to the dividend equivalent amount.

9.    The tax referred to in paragraph 8 shall not be imposed at a rate exceeding the rate specified in subparagraph a) of paragraph 2.  In any case, it shall not be imposed on a company that:

a)    satisfies the conditions of clause (i), (ii) or(iii) of subparagraph c) of paragraph 2 of Article 22 (Limitation of Benefits);

b)    satisfies the conditions of clauses i) and ii) of subparagraph f) of paragraph 2 of Article 22, provided that the company satisfies the conditions described in paragraph 4 of that Article with respect to an item of income, profit or gain described in paragraph 8 of this Article;

c)    is entitled under paragraph 3 of Article 22 to benefits with respect to an item of income, profit or gain described in paragraph 8 of this Article; or

d)    has received a determination pursuant to paragraph 7 of Article 22 with respect to this paragraph."


ARTICLE III

Subparagraph b) of paragraph 2 of Article 19 (Government Service) of the Convention is amended by omitting the words "a resident or a national" and substituting "a resident and a national".

ARTICLE IV

Article 22 (Limitation of Benefits) of the Convention shall be omitted and the following Article substituted:

"ARTICLE 22

Limitation of Benefits

1.      A resident of a Contracting State shall be entitled to benefits otherwise accorded to residents of a Contracting State by this Convention only to the extent provided in this Article.

2.      A resident of a Contracting State shall be entitled to all the benefits of this Convention only if such resident is:

a)      an individual;

b)      a Contracting State, a political subdivision, or local authority thereof, or an agency of instrumentality of that State, subdivision, or authority;

c)      a company, if:

    (i)      its principal class of shares (and any disproportionate class of shares) is regularly traded on one or more recognized stock exchanges, and either:

        A)      its principal class of shares is primarily traded on a recognized stock exchange located in the Contracting State of which the company is a resident (or, in the case of a company resident in Denmark, on a recognized stock exchange located within the European Union or in any other European Economic Area state or, in the case of a company resident in the United States, on a recognized stock exchange located in another state that is a party to the North American Free Trade Agreement); or

        B)      the company's primary place of management and control is in the Contracting State of which it is a resident;

    (ii)      in the case of a company that is a resident of Denmark, one or more taxable nonstock corporations entitled to benefits under

7

subparagraph g) own shares representing more than 50 percent of the voting power of the company and all other shares are listed on a recognized stock exchange and are primarily traded on a recognized stock exchange located within the European Union or in any other European Economic Area state; or

(iii)    at least 50 percent of the aggregate voting power and value of the shares (and at least 50 percent of any disproportionate class of shares) in the company are owned directly or indirectly by five or fewer companies entitled to benefits under clause (i) or (ii), or any combination thereof, provided that, in the case of indirect ownership, each intermediate owner is a resident of either Contracting State;

d)    a charitable organization or other legal person described in subparagraph b)(i) of paragraph 1 of Article 4 (Residence) of this Convention,

e)    a legal person, whether or not exempt from tax, organized under the laws of a Contracting State to provide a pension or other similar benefits to employees, including self-employed individuals, pursuant to a plan, provided that more than 50 percent of the person's beneficiaries, members or participants are individuals resident in either Contracting State; or

f)    a person other than an individual, if:

(i)    on at least half the days of the taxable year at least 50 percent of each class of shares or other beneficial interests in the person is owned, directly or indirectly, by residents of the Contracting State of which that person is a resident that are entitled to the benefits of this Convention under subparagraph a), subparagraph b), clause i) of subparagraph c), or subparagraphs d) or e) of this paragraph, provided that, in the case of indirect ownership, each intermediate owner is a resident of that Contracting State; and

(ii)    less than 50 percent of the person's gross income for the taxable year, as determined in the person's State of residence, is paid or

accrued, directly or indirectly, to persons who are not residents of either Contracting State entitled to the benefits of this Convention under subparagraph a), subparagraph b), clause i) of subparagraph c), or subparagraphs d) or e) of this paragraph in the form of payments that are deductible for purposes of the taxes covered by this Convention in the person's State of residence (but not including arm's length payments in the ordinary course of business for services or tangible property and payments in respect of financial obligations to a bank that is not related to the payor);

g)    in the case of Denmark, a taxable nonstock corporation if:

(i)    the amount paid or accrued in the form of deductible payments (but not including arms length payments in the ordinary course of its activities of a charitable nature and authorized by the Danish laws on taxable non-stock companies (lov om erhvervsmæssige fonde and lov om fonde og visse foreninger) for services or tangible property) in the taxable year and in each of the preceding three taxable years, directly or indirectly, to persons who are not entitled to benefits under subparagraphs a) or b), clause (i) of subparagraph c), or subparagraphs d) or e), does not exceed 50 percent of its gross income, as determined under Danish law (excluding its tax-exempt income); and

(ii)    the amount paid or accrued, in the form of both deductible payments (but not including arms length payments in the ordinary course of its activities of a charitable nature and authorized by the Danish laws on taxable non-stock companies (lov om erhvervsmæssige fonde and lov om fonde og visse foreninger) for services or tangible property) and non-deductible distributions, in the taxable year and in each of the preceding three taxable years, directly or indirectly, to persons who are not entitled to benefits under subparagraphs a) or b), clause (i) of subparagraph c), or subparagraphs d) or e), does not

9

exceed 50 percent of the amount of its total income (including its tax-exempt income).

3.      A company that is a resident of a Contracting State shall also be entitled to the benefits of the Convention if:

a)      at least 95 percent of the aggregate voting power and value of its shares (and at least 50 percent of any disproportionate class of shares) is owned, directly or indirectly, by seven or fewer persons that are equivalent beneficiaries; and

b)      less than 50 percent of the company's gross income, as determined in the company's State of residence, for the taxable year is paid or accrued, directly or indirectly, to persons who are not equivalent beneficiaries, in the form of payments (but not including arm's length payments in the ordinary course of business for services or tangible property and payments in respect of financial obligations to a bank that is not related to the payor), that are deductible for the purposes of the taxes covered by this Convention in the company's State of residence.

4.a)    A resident of a Contracting State will be entitled to benefits of the Convention with respect to an item of income derived from the other State, regardless of whether the resident is entitled to benefits under paragraph 2 or 3 of this Article, if the resident is engaged in the active conduct of a trade or business in the first-mentioned State (other than the business of making or managing investments for the resident's own account, unless these activities are banking, insurance or securities activities carried on by a bank, insurance company or registered securities dealer), and the income derived from the other Contracting State is derived in connection with, or is incidental to, that trade or business.

b)      If a resident of a Contracting State derives an item of income from a trade or business activity in the other Contracting State, or derives an item of income arising in the other Contracting State from an associated enterprise,

subparagraph a) of this paragraph shall apply to such item only if the trade or business activity in the first-mentioned State is substantial in relation to the trade or business activity in the other State.  Whether a trade or business activity is substantial for purposes of this paragraph will be determined based on all the facts and circumstances.

c)      In determining whether a person is "engaged in the active conduct of a trade or business" in a Contracting State under subparagraph a) of this paragraph, activities conducted by persons connected to such person shall be deemed to be conducted by such person.  A person shall be connected to another if one possesses at least 50 percent of the beneficial interest in the other (or, in the case of a company, at least 50 percent of the aggregate vote and at least 50 percent of the aggregate value of the shares in the company or of the beneficial equity interest in the company) or another person possesses, directly or indirectly, at least 50 percent of the beneficial interest (or, in the case of a company, at least 50 percent of the aggregate vote and at least 50 percent of the aggregate value of the shares in the company or of the beneficial equity interest in the company) in each person.  In any case, a person shall be considered to be connected to another if, based on all the relevant facts and circumstances, one has control of the other or both are under the control of the same person or persons.

5.      A resident of one of the Contracting States that derives from the other Contracting State income mentioned in Article 8 (Shipping and Air Transport) and that is not entitled to the benefits of this Convention because of the foregoing paragraphs, shall nevertheless be entitled to the benefits of this Convention  with respect to such income if at least 50 percent of the beneficial interest in such person (or, in the case of a company, at least 50 percent of the aggregate vote and value of the stock of such company) is owned directly or indirectly:

a)      by persons described in subparagraphs a) or b), or clause (i) of subparagraph c), or subparagraphs d) or e) of paragraph 2, or citizens of

the United States, or individuals who are residents of a third state; or

b)      by a company or combination of companies the stock of which is primarily and regularly traded on an established securities market in a third state;

provided that such third state grants an exemption under similar terms for profits as mentioned in Article 8 (Shipping and Air Transport) of this Convention to citizens and corporations of the other Contracting State either under its national law or in common agreement with that other Contracting State or under a convention between that third state and the other Contracting State.

6.      Notwithstanding the preceding provisions of this Article, where an enterprise of Denmark derives interest or royalties from the United States, and the income consisting of such interest or royalties is exempt from taxation in Denmark because it is attributable to a permanent establishment which that enterprise has in a third state, the tax benefits that would otherwise apply under the other provisions of the Convention will not apply to such income if the tax that is actually paid with respect to such income in the third state is less than 60 percent of the tax that would have been payable in Denmark if the income were earned in Denmark by the enterprise and were not attributable to the permanent establishment in the third state. Any interest or royalties to which the provisions of this paragraph apply may be taxed in the United States at a rate that shall not exceed 15 percent of the gross amount thereof. The provisions of this paragraph shall not apply if:

a)      in the case of interest, the income derived from the United States is derived in connection with, or is incidental to, the active conduct of a trade or business carried on by the permanent establishment in the third state (other than the business of making, managing or simply holding investments for the person's own account, unless these activities are banking or securities activities carried on by a bank or registered securities dealer); or

12

b)      in the case of royalties, the royalties are received as compensation for the use of, or the right to use, intangible property produced or developed by the permanent establishment itself.

7.      A resident of a Contracting State that is not entitled to benefits pursuant to the preceding paragraphs of this Article shall, nevertheless, be granted benefits of the Convention if the competent authority of the other Contracting State determines that the establishment, acquisition or maintenance of such person and the conduct of its operations did not have as one of its principal purposes the obtaining of benefits under the Convention. The competent authority of the other Contracting State shall consult with the competent authority of the first-mentioned State before denying the benefits of the Convention under this paragraph.

8.      For the purposes of this Article,

a)      the term "principal class of shares" means the ordinary or common shares of the company, provided that such class of shares represents the majority of the voting power and value of the company. If no single class of ordinary or common shares represents the majority of the aggregate voting power and value of the company, the "principal class of shares" is that class or those classes that in the aggregate represent a majority of the aggregate voting power and value of the company.

b)      the term "disproportionate class of shares" means any class of shares of a company resident in one of the States that entitles the shareholder to disproportionately higher participation, through dividends, redemption payments or otherwise, in the earnings generated in the other State by particular assets or activities of the company;

c)      the term "shares" shall include depository receipts thereof;

d)      the term "recognized stock exchange" means:

(i)      the NASDAQ System owned by the National Association of Securities Dealers, Inc. and any stock exchange registered with the U.S.

Securities and Exchange Commission as a national securities exchange under the U.S. Securities Exchange Act of 1934;

(ii)    the Copenhagen Stock Exchange;

(iii)    the stock exchanges of Amsterdam, Brussels, Frankfurt, Hamburg, Helsinki, London, Oslo, Paris, Stockholm, Sydney, Tokyo and Toronto; and

(iv)    any other stock exchanges agreed upon by the competent authorities of the Contracting States.

e)    the term "taxable nonstock corporation" as used in paragraph 2 means a foundation that is taxable in accordance with paragraph 1 of Article 1 of the Danish Act on Taxable Nonstock Corporations (fonde der beskattes efter fondsbeskatningsloven);

f)    (i)    for the purposes of paragraph 2, the shares in a class of shares are considered to be regularly traded on one or more recognized stock exchanges in a taxable year if:

(A)    trades in such class are effected on one or more such stock exchanges other than in de minimis quantities during every quarter; and

(B)    the aggregate number of shares or units of that class traded on such stock exchange or exchanges during the previous taxable year is at least 6 percent of the average number of shares or units outstanding in that class (including shares held by taxable nonstock corporations) during that taxable year; and

(ii)    for purposes of determining whether a company satisfies the requirements of clause c) (ii) of paragraph 2, clause (i) of this paragraph shall be applied as if all the shares issued by the company were one class of shares and shares held by taxable nonstock corporations will be considered outstanding for

14

purposes of determining whether 6 percent of the outstanding

shares have been traded during a taxable year.

g)      a company's primary place of management and control will be in the
State of which it is a resident only if executive officers and senior management
employees exercise day-to-day responsibility for more of the strategic, financial
and operational policy decision making for the company (including its direct and
indirect subsidiaries) in that State than in any other state, and the staffs conduct
more of the day-to-day activities necessary for preparing and making those
decisions in that State than in any other state;

h)      the term "equivalent beneficiary" means a resident of a member state
of the European Union or of any other European Economic Area state or of a party
to the North American Free Trade Agreement, or of Switzerland, but only if that
resident:

(i)      A)      would be entitled to all the benefits of a comprehensive

convention for the avoidance of double taxation between any

member state of the European Union or any other European

Economic Area state or any party to the North American Free

Trade Agreement, or Switzerland, and the State from which the

benefits of this Convention are claimed under provisions

analogous to subparagraphs a), b), clause i) of subparagraph c)

or subparagraphs d) or e) of paragraph 2 of this Article,

provided that if such convention does not contain a

comprehensive limitation on benefits article, the person would

be entitled to the benefits of this Convention by reason of

subparagraph a), b), clause i) of subparagraph c) or

subparagraphs d) or  e) of paragraph 2 of this Article if such

person were a resident of one of the States under Article 4

(Residence) of this Convention; and

15

B)      with respect to income referred to in Article 10 (Dividends), 11 (Interest) or 12 (Royalties) of this Convention, would be entitled under such convention to a rate of tax with respect to the particular class of income for which benefits are being claimed under this Convention that is at least as low as the rate applicable under this Convention; or

(ii)      is a resident of a Contracting State that is entitled to the benefits of this Convention by reason of subparagraph a), b), clause i) of subparagraph c) or subparagraphs d) or e) of paragraph 2 of this Article.

For the purposes of applying paragraph 3 of Article 10 (Dividends) in order to determine whether a person, owning shares, directly or indirectly, in the company claiming the benefits of this Convention, is an equivalent beneficiary, such person shall be deemed to hold the same voting power in the company paying the dividend as the company claiming the benefits holds in such company;

i)      with respect to dividends, interest or royalties arising in Denmark and beneficially owned by a company that is a resident of the United States, a company that is a resident of a member state of the European Union will be treated as satisfying the requirements of subparagraph h)(i) B) for purposes of determining whether such United States resident is entitled to benefits under this paragraph if a payment of dividends, interest or royalties arising in Denmark and paid directly to such resident of a member state of the European Union would have been exempt from tax pursuant to any directive of the European Union, notwithstanding that the income tax convention between Denmark and that other member state of the European Union would provide for a higher rate of tax with respect to such payment than the rate of tax applicable to such United States company under Article 10 (Dividends), 11 (Interest), or 12 (Royalties) of this Convention."

16

ARTICLE V

1.      The Contracting States shall notify each other when the requirements for the entry into force of this Protocol have been complied with.

2.      This Protocol shall enter into force upon the date of the receipt of the later of such notifications, and its provisions shall have effect:

      a)      in respect of taxes withheld at source, on income derived on or after the first day of the second month next following the date on which the Protocol enters into force; and

      b)      in respect of other taxes, for taxable periods beginning on or after the first    day of January next following the date on which the Protocol enters into force.

3.      This Protocol shall remain in force for so long as the Convention shall remain in force.

IN WITNESS WHEREOF the undersigned, duly authorized thereto by their respective Governments, have signed this Protocol.

DONE in duplicate at Copenhagen on the second day of May, 2006, in the English language.

FOR THE GOVERNMENT OF THE
UNITED STATES OF AMERICA

FOR THE GOVERNMENT OF THE
KINGDOM OF DENMARK

17