# Exhibit 43

# U.S. IRA Pension Schemes - Tax Law - Relief

| | |
|---|---|
| Date of release | 28 Feb 2019 14:24 |
| Date of judgment / ruling / decision / control signal | 26 Feb 2019 10:10 |
| SKM number | SKM2019.113.SR |
| Authority | The Tax Council |
| Responsible board | The Danish Tax Agency |
| Case number | 18-1773407 |
| Document type | Binding answer |
| Overall topics | treasure |
| Topics Topics | Personal income |
| Keywords | Taxation - US Pension Schemes |
| Summary | The case concerns the taxation of some specific US IRA pension schemes in connection with an intended transfer of domicile from the USA to Denmark. The Tax Council replied that payments from one of the applicant's American IRA pension schemes are included in the Danish taxation. However, it appears from the answer that the payment is only included in the Danish taxation with progression effect. The Tax Council also replied that the annual return is taxed in Denmark when it comes to the applicant's other IRA pension schemes. The Tax Council also replied that the calculation of income and calculation of relief takes place in accordance with Danish rules. Finally, the Tax Council confirmed that payment and payment can be made without tax consequences for the part of the IRA pension schemes, |
| Legal basis | The Double Taxation Convention with the United States, Articles 18 and 23 and the Protocol thereto |
| Reference(s) | The Double Taxation Agreement with the United States, Articles 4, 18 and 23 and Protocol to the Pension Taxation Act § 53 A and § 53 B |
| Reference | The Legal Guide 2018-2, section **CF9.2.20.5.2** . |
| Reference | Legal Guide 2018-2, Section **CF8.2.2.21.1** . |
| Reference | Legal Guide 2019-1, Section **CA10.4.2.3.2.8** |

| | |
|---|---|
| Reference | Legal Guide 2019-1, Section **CA10.4.2.4.3** |

**Questions:**

1. As a tax resident in Denmark, must payments from our US individual retirement accounts ("IRAs") be taxed in Denmark?
2. As a tax resident in Denmark, must the return on our US individual retirement accounts ("IRAs") be taxed in Denmark?
3. If question 1 is answered in the affirmative, must the payment amount then be included in the Danish taxable income calculated as the US tax base less US tax and using the exchange rate used for bank transfer?
4. By easing the double taxation, the deduction is then calculated as the share of the tax that the US IRA income constitutes of the total taxable income?
5. Under US law, you can move assets from a "traditional IRA" to a "Roth IRA" (a so-called Roth IRA conversion)). a payout from one IRA scheme followed by a payout to another. Are such conversions allowed according to Danish tax rules?
6. If question 5 is answered in the affirmative, should such conversions be taxed in Denmark?

**Reply:**

1. Yes, however, see justification
2. Yes, however, see justification
3. No
4. No, however, see justification
5. Yes, however, see justification
6. No

**Description of the actual conditions**

My wife and I are considering moving to Denmark from the US within the next 12 months. We have 5 different IRAs in the US with our private retirement savings. We want to be tax resident in Denmark.

Our US pension plans are all private individual retirement accounts ("individual retirement accounts", or "IRAs" as follows:

1. We each have a "traditional (contributory) IRA"
2. We each have a "Roth IRA"
3. I have a "rollover IRA"

The reason we each have multiple retirement plans is that each type is taxed differently in the United States.

"Traditional IRAs" can be created with "before tax contributions" or with "after tax contributions" according to American rules. The increase in the scheme is not taxed, but payments are taxed.

"Roth IRAs" are created with "after tax contributions" according to American rules. The increase in the scheme is not taxed and payments can be made without taxation.

We created our "traditional contributional IRAs" in 1994, and we created our "Roth IRAs" in 1998.

I created my rollover IRA in 2008. The assets of this IRA were originally paid into a pension plan created by my previous employer ("401 (k) plan") over a period from 1993 to 2008. When I resigned from this employer in 2008, I chose to move ("roll over") the assets to a "rollover IRA" scheme.

Our IRA schemes are all located with the company A Inc.

The company A Inc. was founded in 1971 and is headquartered in City B, in State C of the United States. It is one of the largest banking and investment companies in the United States, and the company is listed on the New York Stock Exchange.

The payments to our "traditional contributory IRAs" and our "Roth IRSs" took place after the US tax had been paid ("after-tax contributions"). The total "after-tax" deposit amount constitutes our "IRA basis" for each type of IRA.

The payments to my "401 (k) plan" and therefore to my "rollover IRA" took place before the tax was paid, ie. as "before-tax contributions".

A "Roth IRA conversion" is a payment from a "traditional IRA" (it can be from both a "contributory IRA" or a "rollover IRA") immediately followed by a payment of the same amount to a "Roth IRA". The United States is currently taxing the payment from the "traditional IRA" scheme. Payments from a "Roth IRA" scheme are generally tax-free. A "Roth IRA conversion" is therefore a conversion that involves changed tax consequences according to US rules.

**Questioner's opinion and reasoning**

According to the double taxation agreement between Denmark and the USA of 15 March 2000 (amended 2 May 2006), Article 18, para. 1, letter a ", pensions originating in a Contracting State and lawfully received by a resident of the other Contracting State may be taxed only in the State of origin. "In the minutes it appears in para. 4 (a) that "a payment shall be regarded as a pension within the meaning of Article 18 (1). 1, in cases where it is paid out under a pension scheme approved for tax purposes in the Contracting State in which the pension scheme is established. " PCS. 4, letter b indicates "individual pension accounts" as one of these. From the American text it is clear that "individual pension accounts" means "individual retirement accounts".

It is therefore my understanding that disbursements from our IRAs will be taxed exclusively in the United States. It also appears from the Legal Guide ( **CF9.2.20.5** USA) to Article 18 of the Double Taxation Convention.

Consultation response from Asker

The draft takes into account both the double taxation agreement and the Pensions Act. As the Pensions Act is new to me, I would first like to have confirmed that I understand the Danish Tax Agency's position correctly.

I understand the Danish Tax Agency's approach to the taxation of our various IRA schemes as follows:

1. My Rollover IRA, paid in with non-taxable funds, must be processed in accordance with section 53 B of the Pensions Act, ie by taxation of payments. Article 18 of the Double Taxation Convention enters into force and double taxation is therefore provided for.
2. Our other IRAs (contributory IRAs and Roth IRAs), paid in with taxable funds, must be processed in accordance with section 53 A of the Pensions Act, ie by taxing annual returns. Article 18 of the double taxation agreement *does not* enter into force, instead Article 21 is used, which states that only Denmark can tax these returns. There is no relief for double taxation.
3. The tax base must be determined according to Danish methods, ie. the payout amount for the Rollover IRA scheme, the annual return (ie the value at the end of the year minus the value at the end of the previous year) for the other IRAs. Income must be converted to Danish kroner at the official exchange rate (Danmarks Nationalbank in Denmark's exchange rate) at the time of acquisition, ie. the payout date and the end of the year, respectively.
4. Relief for double taxation must be calculated according to Danish methods, ie with the payment amount for the Rollover scheme.
5. The Danish Tax Agency's answer to this question presupposes that both schemes in the event of a "Roth IRA conversion" fall under section 53 A of the Pensions Act. This is not necessarily correct. As I have mentioned, the conversions can be both from "contributory IRAs", which in our case fall under § 53 A, and "rollover IRAs", which in our case fall under § 53 B. I do not know if the Danish Tax Agency will therefore change its answers on questions 5 and 6.

If my understanding above is correct, I agree with the Danish Tax Agency and have no further comments on the answers to questions 1, 3 and 4, or on the answers to questions 5 and 6 in their current form.

Again, if my understanding is correct, I have the following remarks regarding the answer to question 2:

1. Article 18.1.a) states that "unless otherwise specified in point (b), pensions originating in a Contracting State and lawfully received by a resident of the other Contracting State may be taxed only in the State from which they are originates. "I understood this to mean that, as a tax resident in Denmark, our American pension schemes could only be taxed in the United States. The Danish Tax Agency's recommendation is that since *returns* in these pension schemes are not dealt with separately in Article 18, they are not covered by this article, and that they therefore fall under Article 21 and must be taxed exclusively in Denmark.
2. It follows that American pension schemes that fall under section 53 A of the Pensions Act must be taxed in Denmark on the basis of their annual return. It follows from Article 18 that payments from these schemes may also be taxed in

the United States. In this situation, there may be double taxation.

Example: A "contributory IRA" is created on 1/1 2015 with a taxable payment of USD 10,000. In the following years, the value increases by USD 1,000 per year. The IRA scheme will be paid in full (USD 15,000) on 31/12 2019.01.14

- Taxable income in Denmark: return of USD 1000 per year for 5 years = USD 5000
- Taxable income in the United States for the fiscal year 2019: $ 15,000 - $ 10,000 = $ 5,000
- The capital gain is taxed in both countries: in Denmark according to the stock principle, in the USA according to the realization principle. There is double taxation.

This double taxation would hit our two contributory IRA schemes.

Taxation of IRA pension schemes as presented in the draft consultation

| Deposit | The Pensions Act | Questioner's IRA schemes | Tax base (both countries) | Taxation in Denmark | Taxation in the United States | Double taxation |
|---|---|---|---|---|---|---|
| Taxpayer (After-tax contribution) | § 53 A | Contributory IRAs<br><br>Roth IRAs | Capital gain | Annual return | Upon payment | Yes* |
| Non-taxable (Pre-tax contribution) | § 53 B | Rollover IRA | Payment | In case of payment with relief for double taxation | Upon payment | No |

* For contributory IRAs; Payments from Roth IRA schemes are generally tax-free in the United States

If I understand the draft consultation correctly, then the answer to question 2 will create a situation that is contrary to the principle behind the double taxation agreement. On this basis, is it possible that Article 18 of the agreement was intended to cover both payments and returns?

**The Danish Tax Agency's recommendation and justification**

Question 1

An answer is required as to whether payments from US individual pension accounts ("IRAs") are taxed in Denmark when Spørger is tax resident in Denmark.

*Reasons*

The petitioner has reportedly set up private individual pension schemes in accordance with US tax law.

According to Article 18 of the double taxation agreement between Denmark and the USA, including the definition of pension schemes in the accompanying protocol, the state in which the pension scheme is established and from which the payments originate will have the right to tax the payments from the pension schemes when Spørger is tax resident in the other state.

The USA thus has the right to tax the payments from the pension schemes when Spørger is tax resident in Denmark according to the double taxation agreement.

As a tax resident in Denmark, however, Denmark taxes Spørger's income regardless of where it comes from (global income taxation), cf. the withholding tax act, section 1, subsection. 1, no. 1 and Article 4 of the Double Taxation Agreement. The payments from Spørger's American pension schemes can thus also be taxed in Denmark, unless the payments are exempt from taxation according to rules in the Pension Taxation Act.

Spørger's pension schemes are reportedly established after February 18, 1992 in a bank and at a time when Spørger was fully taxable and tax resident in the United States.

This means that the pension schemes will be covered by section 53 B of the Pension Taxation Act, to the extent that Spørger has had a deduction or there has been a right of disregard for the contributions under US tax law. If this is not the case, the schemes will be covered by section 53 A of the Pension Taxation Act.

Section 53 A of the Pension Taxation Act relates, among other things, to pension schemes where the following are met in full:

- Foreign pension schemes, including schemes set up in a bank
- Situations where the Pension Taxation Act § 53 B can not be applied e.g. because not all contributions to the scheme during the period abroad have been deductible or subject to disregard under the rules of that other country;

The application of section 53 A of the Pension Taxation Act leads, among other things, to:

- Tax is made on the return on the pension scheme in Denmark
- There is no taxation of the payments from the pension scheme in Denmark

Section 53 B of the Pension Taxation Act relates, among other things, to pension schemes where the following are met in full:

- Foreign pension schemes, including schemes set up in a bank
- Schemes established while the pensioner was not subject to full Danish tax liability according to section 1 of the Withholding Tax Act or while the person in question was covered by this tax liability, but was tax resident in another country, e.g. USA according to the double taxation agreement between Denmark and this country
- All payments to the scheme during the period abroad must have been deductible or subject to disregard under the rules of that other country

The application of section 53 B of the Pension Taxation Act leads, among other things, to:

- The return on the pension scheme is not taxed in Denmark
- Taxes are made on the payments from the pension scheme in Denmark

Questioner has pension schemes of both types. Based on the information about Spørger's IRA pension schemes, all schemes will be covered by section 53 A of the Pension Taxation Act, with the exception of the scheme called roll-over IRA. This scheme will be covered by section 53 B of the Pension Taxation Act.

Payments from section 53 A-pension schemes are not taxed in Denmark. The scheme known as the roll-over IRA will be covered by section 53 B of the Pension Taxation Act, which means that payments from this scheme are taxed.

The double taxation that arises from both the USA and Denmark taxing the payments from the scheme called roll-over IRA must be eased by Denmark when Spørger is tax resident in Denmark according to Article 4 of the double taxation agreement.

According to Article 23 of the Double Taxation Agreement, Denmark may, in cases where a person domiciled in Denmark receives income which, according to the provisions of this agreement, can only be taxed in the USA include this income in the tax base, but must allow a Danish income tax. deduction corresponding to the part of the Danish income tax that can be attributed to the income that originates from the USA (ie relief according to the exemption method with progression reservation).

The taxable part of the payments from the American pension schemes (payments from the scheme called roll-over IRA) is thus important for Spørger's total tax payment in Denmark (progression effect).

The consultation response from the questioner does not give rise to a change in the answer to question 1.

*Setting*

The Danish Tax Agency recommends that question 1 be answered with "Yes, see justification".

<u>Question 2</u>

An answer is required as to whether the return on American individual pension accounts ("individual retirement accounts", or "IRAs") is taxed in Denmark when Spørger is tax resident in Denmark.

*Reasons*

The petitioner has reportedly set up private individual pension schemes in accordance with US tax law, all of which will be covered by Section 53A of the Pension Taxation Act, except for the scheme referred to as the roll-over IRA. This scheme will be covered by section 53 B of the Pension Taxation Act.

It appears from section 53 A of the Pension Taxation Act that the return on the scheme is taxed. According to the Personal Income Tax Act, section 4, subsection 1, no. 13, the return is taxed as capital income.

Denmark's tax law is based on the double taxation agreement between Denmark and the USA. The return on pension schemes is not dealt with separately in an article in the double taxation agreement. Article 21 of the Double Taxation Convention provides that income lawfully received by a resident of a State which is not covered by the preceding Articles of the Convention, whatever its origin, may be taxed only in that State.

Article 21 of the double taxation agreement between Denmark and the USA corresponds to Article 21 of the OECD model, which is why practice in this connection can be used in the interpretation.

This means that a return in the pension schemes is taxable in Denmark according to Article 21 of the double taxation agreement between Denmark and the USA and section 53 A of the Pension Taxation Act, even though there is no Danish taxation of the payments.

In his response to the consultation, Spørger pointed out that the combination of Danish taxation of the return and American taxation of the payment can lead to double taxation. This is an economic double taxation, which arises based on the different rules of taxation of the two countries. However, there is no taxation in both countries of the return or taxation in both countries of the payout. Thus, there is no question of double taxation, which is covered by the double taxation agreement.

In addition, Article 18 of the Double Taxation Convention only deals with income which can be regarded as constituting a pension, ie. pension payments and not the returns in the pension scheme that precede the payment of a pension.

The question and answer given by the questioner therefore does not give rise to a change in the answer to Question 2.

*Setting*

The Danish Tax Agency recommends that question 2 be answered with "Yes".

Question 3

If question 1 is answered in the affirmative, an answer is required as to whether the disbursement amount is to be included in the Danish taxable income calculated as the US tax base less US tax and using the exchange rate used for bank transfer.

*Reasons*

Based on the information about Spørger's schemes and the answer to question 1, the pension schemes will be covered by section 53 A of the Pension Taxation Act, with the exception of the scheme called roll-over IRA, which will be covered by section 53 B of the Pension Taxation Act.

All income must be calculated according to Danish rules and reported without deducting US tax. Income must be converted to Danish kroner at the official exchange rate (Danmarks Nationalbank at Denmark's exchange rate) at the time of acquisition.

This also applies to payments from the pension scheme covered by section 53 B of the Pension Taxation Act.

The consultation response from the questioner does not give rise to a change in the answer to question 3.

*Setting*

The Danish Tax Agency recommends that question 3 be answered with "No".

Question 4

An answer is required as to whether, with the relief for double taxation, a deduction is calculated calculated as the share of the tax that the US IRA income constitutes of the total taxable income.

*Reasons*

See justification for answering Question 1.

According to Article 23 of the Double Taxation Agreement, in this case where Spørger becomes resident in Denmark for tax purposes and receives income which, according to the provisions of the Double Taxation Agreement, can only be taxed in the USA, this income can be included in the tax base, but must allow a deduction corresponding to the part of the Danish income tax that can be attributed to the income that originates from the USA (ie relief according to the exemption method with reservation of progression).

The foreign income and the relief are calculated in accordance with Danish rules for calculating the tax base and relief.

The consultation response from the questioner does not give rise to a change in the answer to question 4.

*Setting*

The Danish Tax Agency recommends that question 4 be answered with "No, see justification".

Question 5

An answer is required as to whether Asking for Danish tax rules can make a conversion understood as a payment from a "traditional IRA" to a "Roth IRA", ie. a payout from one IRA scheme followed by a deposit on another IRA scheme.

*Reasons*

Based on the information about Spørger's schemes and the answer to question 1, all Spørger's schemes will be covered by section 53 A of the Pension Taxation Act, except for the scheme called roll-over IRA, which will be covered by section 53 B of the Pension Taxation Act.

Payments from section 53 A pension schemes are not taxed in Denmark. The scheme called roll-over IRA will be covered by section 53 B of the Pension Taxation Act, which means that payments from this scheme are taxed in Denmark.

In answering the question, it is assumed, as Spørger also states, that Spørger will specifically request payment from one IRA pension scheme and make a payment to another, where both schemes are covered by section 53 A of the Pension Taxation Act, ie. schemes where the Asker has not obtained a deduction or right of disregard for the payments to the schemes. Payment and payment can therefore be made in accordance with the rules in section 53 A of the Pension Taxation Act.

In his response to the consultation, Spørger has pointed out that according to American rules, conversions can take place both from schemes which in Denmark fall under section 53 A of the Pension Taxation Act and from schemes which in Denmark fall under section 53 B of the Pension Taxation Act. Spørger has also mentioned , that according to American rules, the funds can be mixed up.

However, the question must be answered based on Spørger's specific schemes, which are incorporated in the Danish Tax Agency's recommendation and justification.

*Setting*

The Danish Tax Agency recommends that question 5 be answered with "Yes, see justification".

Question 6

If question 5 is answered in the affirmative, an answer is required as to whether such conversions are taxable in Denmark.

*Reasons*

In answering the question, it is assumed that Spørger will specifically request payment from one IRA pension scheme and make a contribution to another, where both schemes are covered by section 53 A of the Pension Taxation Act, ie. schemes where the Asker has not obtained a deduction or right of disregard for the payments to the schemes.

Payment and payment can therefore be made in accordance with the rules in section 53 A of the Pension Taxation Act.

In accordance with the answer to question 1, the payment will not be taxable, cf. section 53 A of the Pension Taxation Act. According to section 53 A of the Pension Taxation Act, there are no deductions in Denmark for contributions to these schemes. The payment will therefore not have an effect on the calculation of Danish taxation.

Reference is also made to the explanatory memorandum and the answer to questions 1 and 5.

With regard to Questioner's consultation answer, please refer to the reasons for answering Question 5.

*Setting*

The Danish Tax Agency recommends that question 6 be answered with "No".

**The Tax Council's decision and justification**

The Tax Council agrees with the Danish Tax Agency's recommendation and justification.

**Legal basis, preparatory work and practice**

Question 1

*Legal basis*

Excerpt from BKI no. 13 of 14 April 2000 - double taxation agreement between Denmark and the USA

Article 18

*Pensions, social security, annuities, alimony and child support*

    1. Subject to the provisions of Article 19 (2) (Public service), the following shall apply:

    (a) save as otherwise provided in point (b), pensions originating in a Contracting State and duly received by a resident of the other Contracting State may be taxed only in the State of origin;

    (b) if, before the entry into force of this Convention, a person was a resident of a Contracting State and received a pension from the other Contracting State, that person may be taxed only on the pensions referred to in point (a) in the former State;

    (c) pensions shall be deemed to come from a Contracting State only if they are paid from a pension scheme established in that State;

    (d) for the purposes of this paragraph, pensions shall mean pensions and other similar remuneration, whether paid on an ongoing basis or as a lump sum.

    Notwithstanding the provisions of paragraph 1, payments made by a Contracting State in accordance with the provisions of the law of social security or similar legislation of that Contracting State may be made to a person who is a resident of the other Contracting State or to a national in the United States, taxed only in the former State.

    Annuities received and lawfully owned by a natural person who is a resident of a Contracting State may be taxed only in that State. For the purposes of this paragraph, the term 'annuity' means a fixed sum paid on an ongoing basis at fixed times for a specified number of years or for life in accordance with an obligation to make these payments for a reasonable and full consideration (excluding duties performed).

(…)

Excerpts from the Protocol - attached to Article 18

(A) A payment shall be deemed to be a pension within the meaning of Article 18 (1) (Pensions, social security, annuities, alimony and child benefits) in cases where it is paid under a pension scheme approved by the tax authorities. Contracting State in which the pension scheme is established.

(b) To that end, pension schemes approved for tax purposes shall include the following schemes and any scheme of the same or substantially the same kind introduced after the date of signature of the agreement:

(a) Under United States law, schemes approved for tax purposes under section 401 (a) of the Federal Tax Act, individual pension schemes (including individual pension schemes that are part of a simplified employee pension scheme that comply with section 408; (k), individual pension accounts, individual pension annuities, section 408 (p) accounts, and Roth IRAs under section 408A), section 403 (a) approved annuity plans, and section 403 (b) schemes.

b) In accordance with Danish law, pension schemes in accordance with section I of the Pension Taxation Act.

Article 23

*Relief for double taxation*

1. In accordance with the provisions and taking into account the limitations of United States law (which may be amended from time to time without any change in its general principles), the United States shall grant to a resident or national of the United States a reduction in United States income tax:

(…)

   (…)

3. In the case of Denmark, double taxation shall be abolished as follows:

   (a) In cases where a person resident in Denmark receives income which, in accordance with the provisions of this Convention, may be taxed in the United States, Denmark shall grant a deduction from that person's tax on income in an amount equal to that income tax; which is paid in the United States;

   (b) however, in no case shall the deduction be capable of exceeding the part of the income tax calculated before the deduction is given which is attributable to the income which may be taxed in the United States;

   c) in cases where a person resident in Denmark receives income which, according to the provisions of this agreement, can only be taxed in the United States, Denmark may include this income in the tax base, but must allow in the income tax a deduction corresponding to the portion of income tax attributable to income derived from the United States.

For the purposes of this paragraph, the taxes of the United States referred to in

in Article 2, paragraphs 1 a) and 2 (The taxes covered by the agreement), are considered income taxes, and must be granted as a reduction in the Danish income taxes.

Excerpt from LBK no. 1088 of 03 September 2015 on the Pension Taxation Act

§ 53 **A.** The rules in para. 2-5 applies to

1) life insurance not covered by Chapter 1;

2) life insurance that meets the conditions in Chapter 1, but where the owner of the insurance has waived taxation when the scheme was established in accordance with the rules in section I,

3) pension fund scheme not covered by Chapter 1;

4) a pension fund scheme that meets the conditions in Chapter 1, but where the pensioner has waived taxation when the scheme was established in accordance with the rules in section I,

5) health and accident insurance owned by the insured,

6) life insurance covered by No. 1, or pension fund scheme covered by No. 3, but which is pledged as security for a promise of pension (pension commitment) made to a director or his or her survivors in connection with an employment relationship, and guarantee insurance el. e.g., which is established with a director or his survivor as entitled to benefits from the insurance as security for a corresponding promise of pension,

7) pension schemes set up in banks or credit institutions not covered by Chapter 1;

8) a pension scheme established in a bank or credit institution that fulfills the conditions in Chapter 1, but where the account holder has waived taxation in accordance with the rules in section I when the scheme was established, and

9) pension scheme which has been approved by the customs and tax administration pursuant to section 15 D, to the extent that the pension scheme is not covered by section 53 B.

*PCS. 2.* Premiums or contributions to pension schemes, etc. as mentioned in subsection 1 can not be deducted in the calculation of the taxable income. Premiums and contributions, etc. for the provision of security covered by subsection 1, no. 6, are deductible for the employer in the income year in which the security is established and subsequent years. In the calculation of an employee's taxable income, premiums or contributions paid by the employer or a previous employer are included. In the calculation of the taxable income for a person, amounts that are paid by the person's spouse or cohabitant's employer into a pension scheme, etc. as mentioned in subsection 1 for the person concerned for a period of at least one month, during which the person's spouse or cohabitant has been posted by his employer to work in a foreign state, The Faroe Islands or Greenland, and in which the person in question has joint residence with the posted person in the foreign state, the Faroe Islands or Greenland. 3. pkt. does not apply, however, if during the deployment premiums or contributions to a pension scheme are paid in employment relationships covered by section I or II A of this Act for the person in question.

*PCS. 3.* When calculating the taxable income, the return on pension schemes as mentioned in subsection (1) is included. 1. The income tax liability is incumbent on the owner, the pensioner or the person or persons who, after the death of the owner or the first pensioner, are entitled to payments from or from the scheme. In cases covered by para. 1, no. 6, the income tax liability is incumbent on the director in question or the person or persons who, after the director's death, are entitled to payments from or from the scheme. The return is calculated in accordance with sections 3-5 of the Pension Returns Taxation Act, cf., however, section 6. Pursuant to the Pension Returns Taxation Act, section 4, subsection 1, 1st sentence, however, only the difference between the value of the insurance deposit at the end of the income year, adjusted in accordance with section 4, subsection 3, and the value of the insurance deposit at the beginning of the income year corrected according to § 4, para. 4. If the pension provider does not calculate the return after the 4th and 5th sentences, the return can instead be calculated as the difference between, on the one hand, the scheme's capital value at the end of the income year plus payments during the year and on the other hand the scheme's capital value at the beginning of the income year. with the addition of payments during the year. The choice between calculation of the return after 4th and 5th point. or 6 points. is binding for subsequent income years. In the income year in which the tax liability arises or ceases, the income year is the part of the calendar year in which the tax liability has passed. When calculating the return on a life insurance or a pension fund scheme, which during the income year is pledged as security for a promise of pension (pension commitment) made to a director or his or her survivors in connection with an employment relationship, cf. 1, no. 6, or where the security ceases, the value of the insurance deposit at the time of the security ceases or ceases to replace the value of the insurance deposit at the beginning or end of the income year. 6th and 7th points. shall apply mutatis mutandis. Is there after the 2nd point. more eligible, the calculated return is distributed according to the ratio between the shares in question of the balance on the scheme at the end of the income year. A negative return on a scheme can only be set off against the positive return of the same scheme in the income year in question and the following income years. A negative return can only be carried forward to a later income year if it cannot be accommodated in a positive return in a previous income year. Payments from pension schemes, etc. as mentioned in subsection 1 to cover the taxation of the current return is not included in the taxable income. Payment of amounts to cover the tax must be made no later than the year following the year in which the return was earned.

*PCS. 4.* Sickness and accident insurance as mentioned in subsection 1, no. 5, and guarantee insurances or the like covered by para. 1, no. 6, is exempt from taxation under para. The same applies to life insurance, which can only be paid out in the event of the insured's death, disability or life-threatening illness before the insurance's agreed expiry date, if the agreed expiry date is not later than the first policy day after the insured's 80th birthday.

*PCS. 5.* Payments from pension schemes, etc. as mentioned in subsection 1 to the group of persons mentioned in § 55, 1st sentence, and which corresponds to payments on the scheme, for which in the calculation of the owner's taxable income there has been full or partial right of deduction or disregard for in this country or abroad, included in the taxable income. However, payments from schemes corresponding to Danish endowment insurance and savings for pension purposes are included at 75 per cent when the payment is made in total under the terms of the scheme, after the owner has reached retirement age, in the owner's disability, in the event of life-threatening illness or death. In the case of taxation according to the first sentence. finds § 20, para. 6, corresponding application. The employer's payments in accordance with a promise of pension, cf. 1, No. 6,

*PCS. 6.* Notwithstanding subsection 1, nos. 2 and 4, taxation may not be waived in accordance with the rules in section I when a pension scheme is established if the pension scheme receives state aid.

§ 53 B. Notwithstanding § 53 A, the rules in subsection 4-6 for life insurance as mentioned in § 53 A, para. 1, no. 1, pension fund schemes as mentioned in section 53 A, subsection 1, no. 3, and health and accident insurance as mentioned in § 53 A, para. 1, no. 5, if the conditions in para. 2 and 3 are met. The same applies to foreign pension schemes set up in banks.

*PCS. 2.* The pension scheme, etc. as mentioned in subsection 1 must be established while the policyholder or the pensioner was not liable to tax under section 1 of the Withholding Tax Act, or while the person in question was liable to tax under section 1 of the Withholding Tax Act, but under the provisions of a double taxation agreement was domiciled in a foreign state, the Faroe Islands or Greenland.

*PCS. 3.* All contributions to the pension scheme, etc. as mentioned in subsection 1, which was made during the period when the policyholder or the pensioner was not taxable to the respective resident in Denmark, must be deducted in positive taxable income in accordance with the tax legislation of the state where the policyholder or the pensioner was taxable respectively resident at the time of payment or must have been made by an employer so that the payments in accordance with the tax legislation of the state where the policyholder or the pensioner was taxable or resident at the time of payment are not included in the calculation of the person's taxable income.

*PCS. 4.* For premiums and contributions to pension schemes, etc. as mentioned in subsection 1, section 53 A, subsection 2.

*PCS. 5.* In the calculation of the taxable income, returns on pension schemes, etc. as mentioned in subsection 1, including interest and bonus accruals.

*PCS. 6.* Payments from pension schemes, etc. as mentioned in subsection 1 is included in the calculation of the taxable income. However, payments from schemes corresponding to Danish capital pension schemes are included at 75 per cent when the payment is made in accordance with the conditions in the scheme after the pension payment age has been reached, in the event of the owner's disability, life-threatening illness or the owner's death. The payments are not included in the calculation of the taxable income, to the extent that they correspond to payments made by the policyholder or the pensioner in the period after the person became taxable to the respective resident in Denmark, and which could not be deducted in the calculation of the taxable person. income in this country or abroad, cf. 4 and § 53 A, para. 2.

*Processing*

Excerpt from Bill L84 of 3 November 1999

General remarks

Article 18 on pensions and social security, etc. provides, as a general rule, that private pensions and social benefits may be taxed only in the source State.

Comments on individual provisions

*Article 18. Pensions*

The article deals with taxation of private pensions, social security, annuities, alimony and child support. The provision must be used in connection with pkt. 4 of the Protocol to the Double Taxation Convention. For public pensions, the rules set out in Article 19 shall apply.

The provision is far more comprehensive than the OECD model.

According to paragraph 1, pensions and social benefits may be taxed only in the State of origin (the source State) and the State of residence is thus barred from taxing such payments. Under the current agreement, private pensions are taxed only in the state of residence, and taxation of private pensions in the source state is thus a change in relation to the current agreement and in relation to the OECD model. Both current pensions and one-off payments are covered by the provision. Pensions are considered to originate from the state where the pension scheme is established. This must be a pension scheme that has been approved for tax purposes in the state where the scheme was established, cf. 4, letter a). In pkt. Article 4 (4) (b) specifies the pension schemes covered by paragraph 1. In the case of Denmark, these are pension schemes in accordance with section I of the Pension Taxation Act. Section I of the Pension Taxation Act includes schemes for which there is in principle a full right to deduct premiums, etc. in income. In return for the full right to deduct, payments from section I schemes are taxable.

Paragraph 1 (b) contains a transitional provision on the taxation of pensions. According to this, pensions that are domiciled in a state and receive a pension before the agreement enters into force can only be taxed in the state of residence. Persons who at the time of the entry into force of the agreement live in the USA and receive a pension from Denmark are thus taxed only in the USA.

*According to paragraph 2, social pensions* , including national pensions, can only be taxed in the source state. This corresponds to the applicable rules

Paragraph 3 deals with annuities, which means a fixed amount that is paid on an ongoing basis at set times for a set number of years or on condition that the recipients are still alive and receive adequate remuneration, except in connection with performed duties. Such amounts, e.g. will include annuities that are not tax-favored schemes according to section I of the Pension Taxation Act, can only be taxed in the state of residence.

(…)

*Practice*

Article 18: Pensions, social security, annuities, child support and child benefits

The article differs from the OECD model agreement.

Rule

Private pensions can only be taxed in the source country. See Article 18, paragraph 1, letter a. The provision only covers pensions paid under a pension scheme that is tax-approved in the country where the scheme was established.

Transitional rule

Persons who were resident in one country on 31 March 2000 and who at that time received a private pension covered by Article 18 (1). 1, from the other country, can only be taxed on the pension in the country of residence, as long as the recipient of the pension remains resident in that country. See Article 18, paragraph 1, letter b.

Annuities not covered by Article 18 (1) 1, can only be taxed in the country of residence. See Article 18, paragraph 3.

Point 4 (b) of the Protocol sets out the schemes covered by Article 18 (1). 1.

In the case of:

- In Denmark: Pension schemes according to PBL section I.
- In the United States: Pension schemes after
    - section 401 (a) of the Internal Revenue Code,
    - individual schemes (including individual pension schemes which form part of a simplified employee pension scheme under section 408 (k);
    - individual pension accounts,
    - individual pension annuities,
    - section 408 (p) accounts
    - Roth IRAs under section 408A, section 403 (a) approved annuity plans and section 403 (b) schemes.

Social benefits

Social benefits under social legislation, such as national and disability pensions, can only be taxed in the source country. See Article 18, paragraph 2.

SKM2018.572.SR

In this case, the IRS answered questions regarding the taxation of a number of U.S. Individual Retirement Accounts (IRAs), which were established before February 18, 1992, while Questioner was domiciled in the United States.

Question 2

*Legal basis*

See under question 1 and the following extract from BKI no. 13 of 14 April 2000 - double taxation agreement between Denmark and the USA

Article 21

*Other income*

Income duly derived by a resident of a Contracting State and not provided for in the preceding Articles of this Convention may, irrespective of its origin, be taxable only in that State.

The provisions of paragraph 1 shall not apply to income other than income from immovable property as defined in Article 6 (2) (income from immovable property) provided that the beneficial owner of such income is a resident of a Contracting State. other Contracting State through a permanent establishment situated therein, or pursuing an occupation in that other State from a permanent establishment situated therein and the income being attributable to such permanent establishment or establishment. In that case, the provisions of Article 7 (Business Profits) and Article 14 (Free Trade) shall apply.

*Practice*

Excerpt from the Legal Guide 2018-2, section 9.2.20.5.2

<u>Article 21: Other income</u>

The article corresponds to the OECD model agreement. See section **CF8.2.2.21** on OECD Model Convention Article 21.

Excerpt from the Legal Guide 2018-2, section 8.2.2.21.1

Article 21 of the Model Agreement covers all income not covered by Articles 6 to 20 of the Model Agreement.

Because Article 21 of the Model Agreement is a collection provision, by its very nature no exhaustive list can be made of what Article 21 of the Model Agreement covers.

Although an income belongs to a species which is covered by one of the other articles in the model agreement, it is not a given that it is specifically covered by the article in question in the model agreement. If it is not, it is collected by Article 21 of the Model Agreement. See point 1 of the commentary to Article 21 of the Model Convention.

Pension schemes

Payments from privately created pension schemes, including pension schemes set up by the self-employed, are covered by Article 21 of the Model Agreement because they fall outside Article 18 of the Model Agreement on pensions. See section **CF8.2.2.18.1** .

Returns transferred from the pension institution, etc. to the individual's pension deposit is covered by Article 21 of the Model Agreement. See also section **CG3.3.4.1** on taxation of pension returns.

*Note*

In many Danish DBOs, however, payments from privately created pension schemes are explicitly covered by the article on pensions. See section **CF8.2.2.18.2.2** .

<u>Question 3</u>

*Legal basis*

See question 1

*Practice*

Excerpt from The Legal Guide 2018-2, section **CF2.1** on the calculation of foreign income

<u>The statement of foreign income</u>

The foreign income must be calculated according to the Danish rules, and foreign taxes can not be deducted in the income statement. See **KSL § 23** . See also section **CF4** on relaxation calculation.

Relief calculation

For the sake of a possible relief calculation, it is necessary to calculate a foreign net income. This applies regardless of whether the foreign income is included only for the sake of progression taxation. Eligible foreign income must be reduced by the expenses associated with this income. See **LL § 33 F** and TfS 2000, 426 ØLD.

Excerpt from The Legal Guide 2018-2, section **CA10.4.2.4.5** on taxation of payments from pension schemes covered by Pbl § 53 B.

Payments from the schemes are included in the taxable income. This applies regardless of whether the payment is made as current benefits or lump sums. See § **PBL 53 B** , para. 6.

The taxation is based on a symmetry consideration that the payments must be taxed to the extent that there has been a right of deduction or disregard for the payments.

Question 4

*Legal basis*

See question 1

*Practice*

See under question 3 and the following.

Excerpt from the Legal Guide 2018-2, section **CF4.3.2** on mitigation methods

Exemption relief with progression reservation - new method

The foreign income is included in the taxable income, and tax is calculated on both Danish and foreign income.

A deduction is then made in the calculated taxes, which correspond to the Danish tax calculated on the foreign income.

The deduction is calculated before the personal allowance has been deducted. Thus, a proportionate part of the personal allowance is not attributed to the foreign income. See control signal **SKM2013.920.SKAT** .

Excerpt from The Legal Guide 2018-2, section **CF4.3.3** Relaxation Fractions

The section shows the fractions that form the basis for the calculations of deductions when it is exclusively foreign income from the same country.

Question 5

*Legal basis*

See question 1

Question 6

*Legal basis*

See question 1